UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST CALVINO JR., <br><br> Plaintiff, <br><br> -against- <br><br> THE JAIMACAN THAT CLAIMS TO BE REPRESENTING ME AND SAID IS THE ONE WITH THE IDEAS, <br><br> Defendant. | 1:20-CV-0449 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*.[1] He asserts that his claims fall under the Court's federal-question and diversity jurisdiction. By order dated January 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

---

[1] Plaintiff Ernest Calvino Jr. lists "Elok M. (Tesla)" as another plaintiff in the caption of his complaint. Calvino is the only plaintiff to have signed the complaint. *See* Fed. R. Civ. P. 11(a) (signature requirement for Court submissions.) And as a nonattorney litigant appearing *pro se*, Calvino cannot represent another person in this action. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Thus, the Court regards Calvino as the only plaintiff in this action and dismisses any claims he asserts on behalf of "Elok M. (Tesla)" without prejudice.

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts that the federal constitutional or statutory basis for this action is "misleading my and others, lack of hone[s]ty[,] disrespect, computer neglect." (ECF 2, at 2.)

Plaintiff makes the following allegations:

> This person claims to help my, but probably he never did. I never made a direct persons to persons contact with a bus[i]ness ideas or other related about it. I don't personal[l]y know him but I have seen him in different oca[ss]ion[s] driving by in different places. [H]e['']s an unknow[n] computer person destroy my mental health, emotional health. [H]e is one[] that thre[atened] me electronic[ally], he intimidated me with a few other unknow[n] computer person[s] during 321 East Treamont [sic] Ave. Bronx N.Y. on 2018 he mislead, my most of the time with audio electronics, he had destroy my life.

(*Id.* at 5.) Plaintiff alleges that the injuries he has suffered include "mental damage, emotional damage, harassment, stack extorted, los[s] of intellectual property, los[s] of corp[oration], los[s] of bus[i]nesses, los[s] of money, los[s] of time, etc." (*Id.* at 6.) He seeks as relief "support need

from gover[n]ment author[ities] state local and federal with other plaintiff that can support the claim, complain." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous frivolous actions in this Court; this Court has warned Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new civil actions in this Court IFP without the Court's leave to file. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). In an order dated January 10, 2020, the Court directed Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without the Court's leave to file. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020). Plaintiff remains warned.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 24, 2020
       New York, New York

                                        COLLEEN McMAHON
                                      Chief United States District Judge